**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAXCIUM HERRING,

                Petitioner - Appellant,

  v.

L. S. McEWEN, Warden,

                Respondent - Appellee.

No. 13-56710

D.C. No. 8:11-cv-00781-DMG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Maxcium Herring, a California state prisoner, appeals pro se from the district court's denial of his motion to reopen the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand.

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court abused its discretion by relying on the purported lack of merit in Herring's underlying appeal to deny Herring's Rule 4(a)(6) motion. *See Arai v. Am. Bryce Ranches Inc.*, 316 F.3d 1066, 1071 (9th Cir. 2003) ("the merits of the potential appeal are not a permissible consideration" in ruling on a Rule 4(a)(6) motion). The district court further erred by relying, in part, on the "prejudice" the respondent would suffer by having to continue to litigate this case. *See* Fed. R. App. P. 4(a)(6) advisory committee's note to 1991 amendment ("By 'prejudice' the Committee means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal."). Accordingly, we vacate the district court's order denying Herring's Rule 4(a)(6) motion and remand on an open record for the district court to determine whether respondent has suffered any prejudice cognizable under Rule 4(a)(6) and whether Herring's Rule 4(a)(6) motion should be granted. *See Arai*, 316 F.3d at 1069 ("[T]he district court has the discretion to deny a Rule 4(a)(6) motion even when the rule's requirements are met.").

Because Herring has not been granted Rule 4(a)(6) relief, his challenges to the denial of his Federal Rule of Civil Procedure 60(b) motion are not properly before this court.

**VACATED and REMANDED**.